UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PREPARED FOOD PHOTOS, INC.                          CIVIL ACTION
f/k/a ADLIFE MARKETING &
COMMUNICATIONS CO., INC.                            NO. 23-7155

VERSUS                                               SECTION M (2)

ANNADELE, INC. d/b/a
ANNADELE'S PLANTATION

## ORDER & REASONS

Before the Court is a motion for default judgment filed by plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food").[1]   Defendant Annadele, Inc. d/b/a Annadele's Plantation ("Annadele") has not responded to the motion.[2] Having considered the motion, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

## I.      BACKGROUND

This matter involves a claim for copyright infringement.  Because Annadele has failed to respond to Prepared Food's complaint, the well-pleaded factual allegations are deemed admitted. *Escalante v. Lidge*, 34 F.4th 486, 489 (5th Cir. 2022).  Prepared Food licenses professional photographs to members of the food industry, charging them $999 per month to access its library of photographs.[3]  Its clients may then use the photographs for their own advertising.[4]  In 1998, a professional photographer employed or contracted by Prepared Food created a photograph titled

---

[1] R. Doc. 12.
[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance June 5, 2024.
[3] R. Doc. 1 at 2.
[4] *Id.* at 3.

"LobsterTail002" (the "Work").[5]   The Work was registered with the Register of Copyrights 18 years later, on October 31, 2016, and assigned Registration No. VA 2-020-970.[6]

Annadele is a bed and breakfast that operates a New Orleans style restaurant on its premises.[7]  On August 24, 2021, Annadele displayed or published the Work on its Facebook page.[8] Annadele did not enter into a licensing agreement with Prepared Food or otherwise seek permission to use the photograph before doing so.[9]

Through an ongoing practice of reverse-image searching, Prepared Food discovered the unauthorized use of the photograph in December 2021.[10]  Prepared Food asserts that it attempted to contact Annadele about the infringement on several occasions but did not receive a response.[11] On December 12, 2022, counsel for Prepared Food purportedly sent an email to Annadele informing it that Prepared Food would be filing a lawsuit.[12]  According to Prepared Food, an agent of Annadele responded to the email, advising of its poor financial condition and specifically stating that "the restaurant is already cast in judgment for numerous unpaid creditors as well as for current debts that haven't yet reached that point."[13]

Prepared Food filed suit against Annadele on December 4, 2023,[14] and Annadele was served on December 6, 2023.[15]  Annadele failed to file responsive pleadings, so Prepared Food

---

[5] *Id.*
[6] *Id.*; R. Doc. 1-1 at 2.
[7] R. Doc. 1 at 4.
[8] *Id.*; R. Doc. 1-2 at 2.
[9] R. Doc. 1 at 5.
[10] *See* R. Docs. 1 at 5; 12 at 5.
[11] R. Doc. 12 at 5-6.
[12] *Id.* at 6.
[13] *Id.* at 6-7.
[14] R. Doc. 1.
[15] R. Doc. 3 at 2.

filed a motion for entry of default,[16] which the clerk granted on January 26, 2024.[17]  The instant motion followed.

## II.    PENDING MOTION

In the motion, Prepared Food argues  that it is entitled to judgment on its claim for copyright infringement because it owns a valid copyright and Annadele copied the Work.[18]  It also contends that Annadele's infringement was willful because the Work is still displayed on Annadele's Facebook page, and Annadele's website includes a copyright disclaimer, indicating that it understands the importance of intellectual property rights.[19]  Additionally, says Prepared Food, the Court may infer Annadele's willfulness from its default in this case.[20]  Regarding damages, Prepared Food argues that Annadele is liable for $35,964.00 in actual damages, since Prepared Food charges clients $11,988 per year to use its photographs, and Annadele has displayed the Work for three years.[21]  However, Prepared Food then states that "actual damages are insufficient due to [Annadele's] refusal to appear and participate in discovery" and "thus elects to seek an award of statutory damages for [Annadele's] willful infringement of" the Work.[22]  Specifically, Annadele seeks statutory damages two times the amount of actual damages, for a total award of $71,928.00.[23]  Prepared Food also seeks taxable costs, as well as the entry of a permanent injunction against Annadele.[24]

---

[16] R. Doc. 9.
[17] R. Doc. 10.
[18] R. Doc. 12 at 8-10.
[19] *Id.* at 10-13.
[20] *Id.* at 10-11.
[21] *Id.* at 13-19.
[22] *Id.* at 19.
[23] *Id.* at 20-21.
[24] *Id.* at 22-23.

## III.    LAW & ANALYSIS

### A.  Rule 55(b) Standard

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to a complaint within the required time period. Fed. R. Civ. P. 55(b).  A plaintiff who seeks a default judgment against an unresponsive defendant must proceed in two steps.  *See Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010).  First, the plaintiff must petition the clerk for an entry of default, which is merely "'a notation of the party's default on the clerk's record of the case.'"  *Trahan v. PLC Fin., Inc.*, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)).  Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).

After the defendant's default has been entered, the plaintiff may move for a default judgment.  *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014); Fed. R. Civ. P. 55(b). However, no party is entitled to a default judgment as a matter of right.  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  The disposition of a motion for the entry of default judgment rests within the sound discretion of the district court.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

The Fifth Circuit has established a two-part test to determine whether a default judgment should be entered.  First, the Court considers whether a default judgment is appropriate under the circumstances of the case by looking to the following factors:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "'Second, the court must assess the merits of a plaintiff's claims and find a viable claim for relief.'" *Colum. Gulf Transmission, LLC v. 14.226 Acres More or Less, in Lafourche Par.*, 2024 WL 706489, at *3 (E.D. La. Feb. 21, 2024) (quoting *AR Factoring, LLC v. Commonw. Applied Silica Techs., LLC*, 2020 WL 2128474, at *1 (E.D. La. May 5, 2020)). While a plaintiff's well-pleaded factual allegations are deemed admitted, the court does not hold the defaulting defendant "'to have admitted facts that are not well-pleaded or to have admitted conclusions of law.'" *Id.* (alterations omitted) (quoting *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015)); *see Escalante*, 34 F.4th at 489; 10A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688.1 (4th ed.) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to damages, will be taken as true." (footnotes omitted)). Accordingly, a default judgment should not be entered unless the judgment is "supported by well-pleaded allegations" and has "a sufficient basis in the pleadings." *Wooten*, 788 F.3d at 498 (quotation omitted).

### B. Liability

First, the Court finds that a default judgment is appropriate in this case. There are no material facts in dispute, as Annadele has not filed responsive pleadings, and the Court finds that Prepared Food will be prejudiced if its request for default is denied. The grounds for default are also clearly established, as Annadele failed to appear and the Clerk has entered default. Lastly, since Annadele has failed to appear, the Court can find no good faith mistake or excusable neglect causing the default, and the Court is not aware of any facts giving rise to good cause to set aside the default judgment if challenged by Annadele.

The Court also finds that Prepared Food has pleaded a viable claim for relief. The Copyright Act, 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by [§§ 106-122] or of the author as provided in [§ 106A(a)] is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "'To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity.'" *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 373-74 (5th Cir. 2020) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015)).

Here, Prepared Food alleges in its complaint that it is the owner of the Work and holder of the copyright,[25] and Annadele did not file responsive pleadings challenging these facts. Prepared Food attaches a copy of the registration certificate to its complaint showing that it was issued the copyright in October of 2016 – 18 years after the Work was created. Although "a certificate of copyright registration 'made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright,'" *Nola Spice Designs*, 783 F.3d at 549 (quoting 17 U.S.C. § 410(c)), a court may still presume its validity when registered outside the five-year window. *Southall v. Force Partners, LLC*, 2021 WL 3883082, at *3 (N.D. Ill. Aug. 31, 2021) ("In other words, the statute mandates a presumption of validity for pre-five-year certificates, but the statute does not *forbid* a presumption of validity for post-five-year certificates. Post-five-year certificates are still eligible to qualify as prima facie evidence of a valid copyright." (emphasis in original)); *Evolutionary Level Above Hum. Found., Inc. v. Havel*, 2024 WL 835788, at *7 (N.D. Ind. Feb. 27, 2024) ("The Court notes, though, that while the Copyright Act does not mandate a presumption of validity for registrations obtained beyond the five-year timeframe,

---

[25] R. Doc. 1 at 3-4.

courts can still treat registrations outside this timeframe as prima facie evidence of ownership of a valid copyright."); *see Cain v. Hallmark Cards, Inc.*, 2016 WL 3189231, at \*4 (M.D. La. June 6, 2016) (observing that, while a certificate of registration made within five years after a work's first publication constitutes *prima facie* evidence of the copyright's validity, "its evidentiary weight outside this temporal window lies wholly within a court's discretion"). Nonetheless, because Annadele has not challenged the validity of the copyright, this Court has no reason to reject its validity. *See Prepared Food Photos, Inc. v. Miss Thelma's Rest. LLC*, 2024 WL 1856697, at \*2 n.2 (D. Conn. Mar. 29, 2024).

Factual copying and substantial similarity are also satisfied here. "[F]actual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1037 (5th Cir. 2015) (quotation omitted). "Access" may be established with proof that the defendant "had 'a reasonable opportunity to view'" the work. *Id.* (quoting *Armour v. Knowles*, 512 F.3d 147, 152-53 (5th Cir. 2007)). In the absence of proof of access, a plaintiff may show "such a 'striking similarity' between the two works that the similarity could only be explained by actual copying." *Armour*, 512 F.3d at 152 n.3 (citation omitted). Here, Prepared Food alleges, and it is deemed admitted, that Annadele located a copy of the Work on the internet.[26] Regardless, the photograph displayed on Annadele's social media page shows a striking similarity to the Work, satisfying both factual copying and substantial similarity.

---

[26] R. Doc. 1 at 5.

### C. Relief

#### 1. Damages

The Copyright Act provides copyright owners with the option of recovering (1) "actual damages and any additional profits of the infringer" or (2) statutory damages. 17 U.S.C. § 504(a), (c)(1). "Actual damages 'are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer.'" *Ghirmay v. Tsegia*, 2009 WL 2488185, at *3 (E.D. La. Aug. 10, 2009) (quoting *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004)). Courts often measure the fair market value of a copyright by the amount the plaintiff would have charged in licensing fees "had the defendant gone through the proper channels to receive permission to use the copyrighted work." *Id.* (citing *On Davis v. The GAP, Inc.*, 246 F.3d 152, 161 (2d Cir. 2001), and *Mackie v. Risser*, 296 F.3d 909, 914 (9th Cir. 2002)).

Here, Prepared Food calculates its actual damages as the value of a one-year subscription to its library of photographs ($11,988), multiplied by the three years Annadele has displayed the photograph, for a total of $35,964.00.[27] But Prepared Food argues that it is unable to discover any profits received by Annadele – which are indeed recoverable in addition to actual damages – because of Annadele's failure to respond to the lawsuit. Thus, Prepared Food seeks (apparently in the alternative and as is its right to elect) an award of statutory damages.

Under the Copyright Act, a plaintiff may recover between $750 and $30,000 in statutory damages per infringed work, but up to $150,000 per infringement if it is willful. 17 U.S.C. § 504(c)(1)-(2). The Fifth Circuit has interpreted "willful" in this context "to cover situations where 'the defendant has *recklessly disregarded* the plaintiff's rights, or upon a showing that the

---

[27] R. Doc. 12 at 16.

defendant knew or should have known it infringed upon a copyrighted work.'"  *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 394 (5th Cir. 2014) (emphasis in original) (quoting *Lance v. Freddie Recs., Inc.*, 1993 WL 58790, at *2 (5th Cir. 1993)).

Prepared Food first argues that willfulness is shown through Annadele's default.  While a court may infer willfulness from a defendant's default, *see Doctor's Assocs., Inc. v. Vinnie's Smokehouse/Meat Specialty, LLC*, 2011 WL 2748668, at *1 (E.D. La. July 13, 2011), such an inference is not required.  *See Miss Thelma's*, 2024 WL 1856697, at *3; *Serio v. Skijor, USA, Inc.*, 2023 WL 8372894, at *4 (S.D.N.Y. Dec. 4, 2023).  And, here, the circumstances do not warrant an inference of willfulness.  The Work was created in 1998, approximately 18 years before Prepared Food received the registration certificate.  The Court has no way of knowing whether Annadele obtained the Work before or after the certificate was issued, and there is no evidence that the Work was clearly marked as being copyright protected.  While the photograph was posted to Annadele's Facebook page after the certificate was issued, that does not prove that Annadele was actually aware of the infringing conduct until it was so advised by Prepared Food's counsel.  Accordingly, the Court finds that the single posting of a then-23-year-old photograph, for which copyright protection was nonexistent for 18 of those 23 years, "defeats an otherwise permissible inference of willfulness" in this case.  *See Miss Thelma's*, 2024 WL 1856697, at *4 ("And while the Court recognizes that the failure of the [d]efendant to appear has contributed to this dearth of information, a single posting of a then-twelve year old photograph, for which copyright protection was nonexistent for nine of those twelve years, defeats an otherwise permissible inference of willfulness.").

Prepared Food also argues that Annadele's failure to remove the photograph from its Facebook page shows that its infringement is willful.  However, Prepared Food has not alleged or

presented evidence that Annadele is actively using the photograph to promote its business.  Indeed, the caption posted with the photograph refers only to a "Wednesday – Thursday night steak & lobster special" back in August 2021.[28]  A staff member of Prepared Food's former counsel submits a declaration observing that the Work remains displayed on Annadele's Facebook page, but the same declaration evinces that Annadele is not an active, or, at least, thriving, business.[29] The Court does not find that this showing establishes Annadele's willfulness.

Lastly, Prepared Food contends that Annadele's inclusion of a copyright disclaimer on its website demonstrates its willfulness, as it indicates that Annadele "understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs on its websites."[30]  While Annadele's website may contain a copyright disclaimer, the evidence presented by Prepared Food shows only that the photograph was posted to Annadele's Facebook page.  Thus, there is no indication that Annadele is representing on its Facebook page that the photograph is copyrighted or that it owns the rights to the copyright.  This is important, as each of the cases cited by Prepared Food involved copyrighted works that were posted to the same website on which the disclaimer was located.  *See Bell v. ROI Prop. Grp. Mgmt., LLC*, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage *on which* the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.'" (emphasis added)); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *4 (N.D. Tex. May 1, 2013) ("Once [the work was] on [d]efendant's website, [d]efendant asserted ownership of [p]laintiff's Registered Work by including a copyright notice *at the bottom of the page*." (emphasis

---

[28] *See* R. Doc. 1-2 at 3.
[29] R. Doc. 12-3 at 2-3.
[30] R. Doc. 12 at 12.

added)).   For all of these reasons, the Court finds that Annadele neither recklessly disregarded Prepared Food's rights nor knew that it infringed on the Work, so its infringement was not willful.

In setting statutory damages, the Court must consider factors such as "'the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind – whether wilful, knowing, or merely innocent,' as well as the need to discourage wrongful conduct."[31]   *Doctor's Assocs.*, 2011 WL 2748668, at *2 (quoting *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992)).   Prepared Food has not alleged or presented proof of any expenses saved or profits reaped by Annadele in connection with the infringement, or of the revenues it lost as a result of Annadele's conduct.   Instead, it has alleged only its actual damages ($35,964), which by themselves exceed the maximum amount of statutory damages that may be awarded in cases of non-willful infringement ($30,000).   Since its actual damages exceed the statutory damage cap, the Court awards Prepared Food its actual damages of $35,964.00.   *See Miss Thelma's*, 2024 WL 1856697, at *4 (awarding actual damages when they exceeded the statutory damage cap); *Kiva Kitchen & Bath Inc. v. Cap. Distrib. Inc.*, 319 F. App'x 316, 320 (5th Cir. 2009) ("[W]e see no reason to limit the manner in which a plaintiff may elect statutory damages; in particular, nothing indicates that a request by a plaintiff that the court award the greater of the two remedies is an invalid election.").

---

[31] The need to discourage wrongful conduct usually arises in cases of willful infringement.  *See Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261, 273 (5th Cir. 2020) ("Modern appellate decisions continue to emphasize this deterrence purpose, particularly where the defendant's infringement was willful, as [defendant's] was here."); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991) ("[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations.").

## 2.  Injunctive Relief

Prepared Food also asks the Court to enter a permanent injunction against "[Annadele], its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, vendors and assigns, and all those in active concert and participation with [Annadele], prohibiting them from (a) directly or indirectly infringing [Prepared Food's] copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from [Prepared Food's] copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by [Prepared Food]."[32]

The Copyright Act authorizes courts to issue an injunction on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.  17 U.S.C. § 502(a).  A party seeking a permanent injunction must establish: "(1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest."  *VRC LLC v. City of Dall.*, 460 F.3d 607, 611 (5th Cir. 2006).  As explained above, Prepared Food has succeeded on the merits of its claims.  *See United States for use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability.").  Second, Prepared Food argues that a denial of an injunction will impair the market value of its work.  The Court agrees, and, "[m]oreover, irreparable injury is presumed when a copyright is infringed."  *Doctor's Assocs.*, 2011 WL 1226485, at *2 (citing *Atlantic Recording Corp. v. Falgout*, 2007 WL 4163430,

---

[32] R. Doc. 12 at 23.

at *3 (E.D. La. Nov. 21, 2007)).  Third, there is minimal burden on Annadele, as an injunction will merely require that it comply with the law.  Lastly, an injunction will serve the purpose of copyright law, which is to "promote and protect creativity."  *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999).

### 3.  Costs and Attorney's Fees

Prepared Food further seeks an award of costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.[33]  That section permits a court, in its discretion, to award a victim of copyright infringement its full costs, including reasonable attorney's fees.  *See Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 588-89 (5th Cir. 2015) ("[A]n award of attorney's fees to the prevailing party in a copyright action is the rule rather than the exception and should be awarded routinely." (quoting *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008))).  Given the cut-and-paste nature of Prepared Food's complaint and motion for default judgment,[34] the Court awards $1,000 in attorney's fees and orders Prepared Food to submit a bill of costs for the determination of such award under the usual procedure.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Prepared Food's motion for default judgment (R. Doc. 12) is GRANTED.

IT IS FURTHER ORDERED that Prepared Food is awarded actual damages in the amount of $35,964.00.

---

[33] R. Doc. 1 at 7.
[34] *See* R. Doc. 12 at 16-18 (citing no less than 13 decisions in similar cases filed by Prepared Food in the last three years).

IT IS FURTHER ORDERED that Annadele, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, vendors and assigns, and all those in active concert and participation with Annadele, are PERMANENTLY ENJOINED from: (a) directly or indirectly infringing Prepared Food's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Prepared Food's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Prepared Food.

IT IS FURTHER ORDERED that Prepared Food is awarded $1,000.00 in attorney's fees and that it file a bill of costs as permitted by law.

New Orleans, Louisiana, this 17th day of June, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

14